# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | Criminal No. 15-42 |
| ) | Judge Nora Barry Fischer |
| FRANK J. RYSZ, ) | |
| ) | |
| Defendant. ) | |

## TENTATIVE FINDINGS AND RULINGS

On July 21, 2015, Defendant Frank J. Rysz pled guilty to one count of theft of mail matter by a postal service employee, on or about November 12, 2014, in violation of 18 U.S.C. § 1709 at Count One of the Indictment at Criminal No. 15-42.

The U.S. Probation Office prepared a Presentence Investigation Report ("PIR") dated September 30, 2015. (Docket No. 26). Pursuant to the Local Criminal Rules, counsel for the Government and for Defendant each had an opportunity to submit objections to the PIR. The Government filed its Position With Respect to Sentencing Factors on October 8, 2015, wherein it states that it has no objections, modifications or additions to the PIR but acknowledges that the forthcoming amendments to the United States Sentencing Guidelines effective November 1, 2015 may have the effect of reducing the advisory guidelines range in this case. (Docket No. 28). On the next day, Defendant filed his Position With Respect to Sentencing Factors, wherein he states that he has no objections to the guidelines calculations in the PIR but also points out that the November 1, 2015 changes will impact the calculations. (Docket No. 29). Defendant also makes two additions to the PIR including that he presently is working at Lowes at ¶ 50; and that the

summary offense at ¶ 34 has been dismissed as of October 1, 2015. (*Id.*).

Subsequently, the Probation Office prepared an Addendum dated October 19, 2015, wherein the Probation Office concurs with the parties that the November 1, 2015 amendments to the guidelines will change the advisory guidelines range in this case as the enhancement for number of victims of 4-levels set forth in the PIR is now reduced to a 2-level enhancement and results in a total offense level of 8 rather than 10 as is set forth in the PIR. (Docket No. 30). The Probation Office also accepts the additions by Defendant without any changes. (*Id.*).

The Court agrees with the parties that the version of the advisory guidelines in effect on the date of Defendant's sentencing must be applied and that he is to receive the benefit of the amendments to Guideline §§ 2B1.1(b)(2)(A), (B) and n.4(C)(ii)(1) because their application is more favorable to him. *See* U.S.S.G. § 1B1.11(a) ("The Court shall use the Guidelines Manual in effect on the date that the defendant is sentenced"). Accordingly, ¶ 16 of the PIR is amended to reflect that a two-level enhancement under Guideline § 2B1.2(b)(2)(A) applies (rather than the four-level enhancement set forth in the PIR) and the subsequent calculations of the advisory guidelines at ¶¶ 20, 23, 69 and 74 will likewise be amended to reflect these changes; i.e., Defendant's total offense level is 8 and his criminal history category remains III, resulting in an advisory guidelines range of 6-12 months in Zone B of the Sentencing Table.

The Court also agrees with Defendant's additions to ¶¶ 34 and 50 and such paragraphs are amended to include this additional information noted above.

I.      *Guidelines Calculations*[1]

---

[1]      Pursuant to U.S. Sentencing Guideline § 1B1.11(a), because there is no *ex post facto* issue here, the Court applies the Sentencing Guidelines effective on November 1, 2015. *See* U.S. Sentencing Guideline § 1B1.11(a) ("The Court shall use the Guidelines Manual in effect on the date that the defendant is sentenced").

Having addressed these matters raised by the parties and the Probation Office, the Court makes the following guidelines calculations in accordance with the United States Sentencing Guidelines. The Court notes that after the Supreme Court's holding in *United States v. Booker*, 543 U.S. 220 (2005), the Sentencing Guidelines are merely advisory upon this Court. *See also Gall v. United States*, 552 U.S. 38 (2007); *United States v. Tomko*, 562 F.3d 558 (3d Cir. 2009). The Court tentatively finds the following:

1. Pursuant to Guideline §§ 2B1.1, 2B1.1(a)(2), and 2B1.1(b)(1)(A), Defendant's base offense level is six (6) because the loss amount was approximately $200.00 which is less than $6,500.00.[2]

2. Pursuant to Guideline §§ 2B1.1, 2B1.1(b)(2)(A) and n.4(C)(ii)(1), Defendant's offense level is increased by two (2) levels because he took at least one undelivered letter from a USPS collection box, which the commentary provides results in a finding that the offense involved at least 10 victims.

3. Pursuant to Guideline §§ 3B1.3, and n.2(A), Defendant's offense level is increased by an additional two (2) levels because he abused a position of public or private trust in a manner that significantly facilitated the commission or concealment of this offense.

4. Pursuant to Guideline § 3E1.1(a), Defendant's offense level shall be decreased by two (2) levels because he has entered a guilty plea and demonstrated acceptance of responsibility for his criminal conduct.

5. Accordingly, Defendant's total offense level becomes eight (8).

---

[2] The Court notes that the loss tables will also be amended effective tomorrow, increasing the minimum threshold from $5,000.00 to $6,5000. *See* U.S.S.G. § 2B1.1(b)(1)(A). This amendment has no effect on the calculation of the advisory guidelines range as the amount of loss.

6. Defendant has five (5) criminal history points, which, pursuant to the Sentencing Table at U.S. Sentencing Guidelines, Chapter 5, Part A, results in a criminal history category of III.

II. *Potential Sentence*

Based on the above guidelines calculations, Defendant is subject to the following imposition of potential sentence:

1. *Statutory Provision for Custody*: Pursuant to 18 U.S.C. § 1709, Defendant is subject to a maximum term of imprisonment of five (5) years.

    *Guideline Provision for Custody*: Pursuant to the U.S. Sentencing Guidelines, Chapter 5, Part A, based on a total offense level of eight (8) and a criminal history category of III, the advisory guidelines range for imprisonment is 6-12 months. As the applicable guidelines range is in Zone B of the Sentencing Table, pursuant to Guideline § 5C1.1(c), the minimum term of imprisonment may be satisfied by: (1) a sentence of imprisonment; or, (2) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one half of the minimum term is satisfied by imprisonment.

2. *Statutory Provision for Supervised Release*: Pursuant to 18 U.S.C. § 3583(b)(2), a term of supervised release of not more than three (3) years may be imposed.

    *Guideline Provision for Supervised Release*: Pursuant to Guideline § 5D1.2(a)(3), the guideline range for a term of supervised release is one (1) to three (3) years.

3. *Statutory Provision for Probation*: Pursuant to 18 U.S.C. § 3561(c)(1), Defendant

is eligible for not less than one (1) or more than five (5) years' probation. In addition, because Defendant has been convicted of felony offenses, one of the following must be imposed as a condition of probation unless extraordinary circumstances exist: a fine, restitution, or community service pursuant to 18 U.S.C. § 3563(a)(2).

*Guideline Provision for Probation*: Pursuant to Guideline §§ 5B1.1(a)(2), and 5C1.1(c), because the applicable guideline range is in Zone B of the Sentencing Table, Defendant is eligible for probation, provided that the court imposes a condition that substitutes intermittent confinement, community confinement, or home detention for at least six (6) months.

4. *Statutory Provision for Fine*:  Pursuant to 18 U.S.C. § 3571(b)(3) and (d), Defendant is subject to a maximum fine of $250,000 or an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process

*Guideline Provision for Fine*: Pursuant to Guideline § 5E1.2(c)(3), the advisory fine range is from $2,000 to $20,000.

5. *Mandatory Special Assessment*: Pursuant to 18 U.S.C. § 3013, Defendant is subject to a mandatory special assessment of $100.

6. *Statutory Provision for Restitution*: Pursuant to 18 U.S.C. § 3663A, restitution shall be ordered in this case. Restitution is due and owing to the victim in the amount of

$5. All payments made pursuant to the Court's restitution order are to be sent to the Clerk of the Court, U.S. Courthouse, 700 Grant Street, Suite 3110, Pittsburgh, PA 15219, to be forwarded to the victim at an address to be provided by the Probation Office.

7. *Forfeiture*: Forfeiture is not an issue in this case.

### III. Conclusion

The Court will receive evidence including testimony and hear argument regarding these tentative findings and rulings as well as any other motions and responses thereto at the time and place of sentencing in this matter presently scheduled for **Thursday, November 12, 2015 at 9:00 a.m.** Pursuant to the Court's Presentence Order (Docket No. 24), any sentencing memoranda shall be filed by **November 4, 2015** and any responses to same shall be filed by **November 9, 2015.**

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date: October 30, 2015

cc/ecf: All counsel of record

U.S. Probation Office